UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARANJEET SINGH,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-04561-DAD-CKD

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DENYING
PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER AS
MOOT

(Doc. Nos. 1, 2)

On June 12, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On June 15, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)  In that same order, the court directed that if respondent opposed a court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and

1

provide substantive reasons in support of that position.  (*Id.*)

Petitioner, a native and citizen of India, entered the United States on January 23, 2022, was detained by immigration officials, and released on his own recognizance on January 27, 2022.  (Doc. Nos. 1-1 at 2, 6; 6-1 at 3.)  On June 11, 2026 petitioner reported to the Sacramento Enforcement and Removal Office ("ERO") and was re-detained by ICE.  (Doc. Nos. 1 at 2; 6-1 at 2.)

On June 15, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents further argue that the circumstances of this case may be materially distinguishable from those addressed in the court's prior cited orders due to petitioner's "substantial" number of alleged Alternatives to Detention ("ATD") violations.[1]  (Doc. No. 6 at 2.)  Respondents do not explain how these alleged violations would distinguish this case from the circumstances addressed in this court's prior orders.  In addition, respondents do not argue that petitioner is a flight risk or a

---

[1]  Respondents have provided an unsworn "Record of Deportable/Inadmissible Alien," in which Deportation Officer Ghuman states that on June 11, 2026, petitioner was "informed" that he was being detained due to multiple ATD violations.  (Doc. No. 6-1 at 2.)  Deportation Officer Ghuman's statement lists 62 alleged ATD violations.  (*Id.* at 3–4.)  Of these, 47 of the alleged violations occurred in 2022, and 41 of the violations purportedly occurring in 2022 are labeled as "Successful Check-In Outside Zone," which, according to Officer Ghuman, means that petitioner checked in from outside the geographic area "assigned within program limits."  (*Id.* at 4.)  In 2023, petitioner allegedly violated his release terms 11 times for successful check-ins outside the zone.  (*Id.* at 3.)  In 2024, petitioner allegedly checked in from outside the zone once.  (*Id.*)  In 2025, he allegedly missed a single office visit.  (*Id.*)  In 2026, petitioner allegedly violated the terms of his release on January 14 for checking in outside the zone and on May 11 for a "Biometric Match Failed," which Officer Ghuman describes as a failure to verify biometrics via photo or fingerprint in the "appropriate time frame."  (*Id.* at 3–4.)  Respondents have not provided documentation of the terms of petitioner's release, nor do they explain why ICE chose not to re-detain petitioner in 2022, when the majority of the alleged violations occurred.  In addition, nothing before the court suggests that petitioner was given notice of the specific alleged violations.  Finally, despite participating in a consensual interview with Officer Ghuman regarding petitioner's immigration history on June 11, 2026, it does not appear that petitioner was given an opportunity to respond to the alleged ATD violations.  (*Id.* at 2.)

2

danger due to these alleged violations.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.   Respondents are ORDERED to immediately release petitioner Karanjeet Singh, A-File No. 220-747-098, from respondents' custody on the same conditions he was subject to prior to his re-detention on June 11, 2026;

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2.   Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3.   The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 17, 2026**                    _____
                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE

3